Military pay; effect of removal of improper OER’s on passover by Selection Boards; lack of power of this court to promote or recommend promotion. — Plaintiff, a former *734 captain of the Air Force, seeks back pay and promotion to the rank of major. Plaintiff was discharged as a result of passovers by selection boards considering candidates for promotion to the permanent rank of major. It is alleged that his passovers were due to improper statements in three Officer Effectiveness Reports (OER’s) rendered by superiors at various times. Two of these were removed from plaintiffs record on recommendation of the Air Force Board for Correction of Military Records, with five passovers supposed caused by them. However, unexplained indications were left in the file that passovers had occurred. Therefore the prejudicial effect of the deleted OER’s was not eliminated and more passovers followed. On June 28, 1979 Trial Judge David Schwartz filed a recommended opinion finding the plaintiff entitled to back pay and restoration to the rank of captain. The trial judge held that when OER’s are voided, passovers by selection boards which considered the OER’s should also be voided and any prior indication of nonselection expunged from the record. The relief given by the Correction Board to the plaintiff was inadequate in that it left an unexplained gap in the natural sequence of OER’s and selection board considerations. The Correction Board also left in the record the stamped dates of the passovers. The record presented to subsequent selection boards was therefore prejudicial. The trial judge reserved decision on the issue of the challenged OER pending remand to the Correction Board to see if a violation of the Air Force regulations regarding the drafting of an OER had transpired. On April 18, 1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, with modifications. The court disagreed with the trial judge’s instructions to the Air Force and the Correction Board to reconsider the promotion. The court pointed out that it cannot order promotions, nor can it refer the matter of promotion to any other body with any form of directions or precatory remarks. The court entered judgment for the plaintiff to the extent that it is in conformity with this order.