**PUBLIC SERVICE COMPANY OF COLORADO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 525–82C.**

United States Claims Court.

May 20, 1983.

James R. McCotter, Denver, Colo., for plaintiff. Marla S. Petrini and Kelly, Stansfield & O'Donnell, Denver, Colo., of counsel.

Wiley Y. Daniel, Denver, Colo., for intervenor-plaintiff.

Michael D. Morin, Washington, D.C., for defendant, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C.

## ORDER DENYING MOTION TO INTERVENE

SETO, Judge:

In this government contract case, the City of Lakewood, Colorado (hereinafter the "City"), moves to intervene by right, pursuant to RUSCC 24(a).

A cardinal threshold issue regarding the contract dispute is whether the City properly incorporated the defendant's Denver Federal Center (Federal Center) within its municipality under the laws of the State of Colorado.

Since our disposition of this issue could impair the City's ability to protect its interest in subsequent proceedings, Rule 24(a) requires that the City of Lakewood be permitted to intervene. However, the City's sole claim against the government is for a declaratory judgment that the Federal Center is incorporated within its municipal boundaries, a judgment this court is not empowered to award. Therefore, the City of Lakewood shall not be allowed to enter this action as an intervenor, but shall be permitted to file amicus briefs.

### Facts [1]

Plaintiff, the Public Service Company of Colorado, provides electricity to the entire City of Lakewood, Colorado, pursuant to a franchise agreement. One of the conditions in the franchise agreement requires the plaintiff to pay royalties to the City. Plaintiff raises said royalties by imposing a surcharge upon its customers, one of which is the defendant's Federal Center. The defendant asserts, arguendo, that even if the Federal Center is located within the geographical boundaries of the City of Lakewood, that the Federal Center is not part of the City of Lakewood, since the City failed to legally encompass the Federal Center in its incorporation papers. Defendant further maintains, a priori, that therefore the City cannot extract royalty payments from defendant's Federal Center, since the Center is not legally a part of the municipality of Lakewood. Plaintiff, the Public Service Company of Colorado, filed suit in this court pursuant to 28 U.S.C. § 1491, alleging breach of contract by the government for failure to pay said surcharges.

Subsequently, the City filed suit in the United States District Court for the State of Colorado, seeking a declaratory judgment against the United States and the Federal Center for a decree that the Federal Center is properly incorporated within the municipal boundaries of Lakewood. *City of Lakewood v. Denver Federal Center,* No. 83–K–38 (D.C.Colo., filed on December 10, 1982). The City's Colorado case was stayed on February 9, 1983, pending the disposition of its motion to intervene in this case before the Claims Court.

### Discussion

The issue of whether the City properly incorporated defendant's Denver Federal Center in its municipality is before this court as an ancillary issue to plaintiff's contract claim. Ostensibly, this court must decide the issue of the City's proper incorporation of the Federal Center prior to disposing the case at bar. The City of Lakewood has a direct interest in its own municipal incorporation and this court's disposition of the incorporation issue might impair future actions by the City regarding this issue.

---

1. The facts stated herein are established solely for purposes of the pending motion to intervene.

The intervention of a party to a pending proceeding is governed by RUSCC 24(a) which states, in part:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. [Emphasis supplied].

The City claims an interest to the property which is the subject of the suit and its ability to protect that interest might be impaired by the disposition of this case. Moreover, the City's interest is not adequately represented by plaintiff. Consequently, Rule 24(a) authorizes the City to intervene as an intervenor-plaintiff.

■ However, the sole relief which the City seeks is a declaratory judgment that the Federal Center is incorporated within the municipality of Lakewood. Declaratory judgments may be awarded only by "courts of the United States." 28 U.S.C. § 2201.

"Courts" is defined in 28 U.S.C. § 451 *amended by* section 114, Federal Courts Improvement Act. Pub.L. 97–164, 96 Stat. 25, 29–30, effective October 1, 1982. "Courts" as defined in section 451 excludes the Claims Court. *Bailey v. United States,* 1 Cl.Ct. 69 (1983) (Wood, J.).[2] Therefore, the Claims Court lacks the power to award declaratory judgments under 28 U.S.C. § 2201.

■ Moreover, RUSCC 24(a) does not independently empower this court to issue the injunctive relief sought by the City. Notwithstanding that pursuant to Rule 24(a), this court need not have independent subject matter jurisdiction over the claim of an intervenor as of right; mere jurisdiction over an equitable claim does not enable this court to award equitable relief. *United States v. Grimberg Co.,* 702 F.2d 1362, 1366 (Fed.Cir.1983).

In *Grimberg,* the Court of Appeals for the Federal Circuit interpreted 28 U.S.C. § 1491(a) as amended[3], which authorizes the Claims Court to award equitable relief only in government procurement cases which were filed prior to the awarding of the contract (pre-award contract suits).

**2.** The United States Claims Court is an Article I Court. 28 U.S.C. § 171(a) *amended by* section 105, Federal Courts Improvement Act, Pub.L. 97–164, 96 Stat. 25, 29–30, effective October 1, 1982. As an Article I Court, the Claims Court is excluded from the definition of courts in 28 U.S.C. § 451 as amended (1982).

**3.** 28 U.S.C. § 1491(a) *amended by* Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 133(a), 96 Stat. 25, 40 (1982). Section 1491(a) as amended provides:

(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

(2) To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Claims Court shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978.

(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

Pursuant to section 1491(a), the Claims Court has *jurisdiction* over all claims, not sounding in tort, founded upon the Constitution, an act of Congress, an executive regulation, or a *contract.* However, the remedies which the Claims Court may afford are limited to monetary relief and governmental corrective relief. 28 U.S.C. § 1491(a)(2) *as amended.* Only in pre-award contract cases may the Claims Court award equitable relief. 28 U.S.C. § 1491(a)(3).

In *Grimberg,* the Court of Appeals for the Federal Circuit recognized the distinctions between the Claims Court's jurisdiction and its repertoire of remedies:

> Section 1491(a) [of Title 28] grants subject matter jurisdiction (subsection (a)(1); last sentence of (a)(2)), authorizes certain remedial actions (forepart of (a)(2)), and permits the exercise of equitable power in certain cases at a certain time ((a)(3)).[6]

> \*   \*   \*   \*   \*   \*

[6] Use of "jurisdiction" in subsection (a)(3) can be misleading. That subsection, like the first two sentences in subsection (a)(2), deals with the *power* of the court to grant a particular *remedy,* (a)(3) being applicable when the claim in suit is from other claims listed in subsection 1491(a)(1). *Because the Claims Court certainly has subject matter jurisdiction,*

> *it is more accurate to speak of (a)(3) as granting equitable power than as granting "equitable jurisdiction."* The result is the same, where as here, the court can be said to lack either "jurisdiction" or authority to exercise its equitable power, and a litigant is seeking only the exercise of that power. [Emphasis supplied.]

*Grimberg,* at 1366 (Fed.Cir.1983).

Therefore, absent the capacity to afford the relief requested by the City, this court shall deny the City's motion to intervene. The City of Lakewood shall be permitted to file amicus briefs at appropriate times. Moreover, as the City has already filed a declaratory action in Federal District Court in Colorado, it would be appropriate for the City to move to vacate the stay of proceedings and adjudicate the issue of its incorporation in the Federal District Court of Colorado which is empowered to afford the declaratory relief sought by the City of Lakewood.