**James M. ALFORD**

v.

**The UNITED STATES.**

No. 127–82C.

United States Claims Court.

Aug. 23, 1983.

---

David F. Groose, Charleston, S.C., for plaintiff.

R. Anthony McCann, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

YOCK, Judge.

Plaintiff is a retired United States Air Force major. His petition alleges that he received two Officer Efficiency Reports (OER), evaluating his performance of duty during the period June 1, 1970, through May 31, 1972, which were improperly prepared in violation of pertinent Air Force Regulations. Further, he alleges that these defective reports were the basis for his non-selection to the rank of lieutenant colonel. As a result, his complaint prays for this Court to issue both an order of mandamus removing the disputed OERs and a declaratory judgment promoting the plaintiff to the rank of lieutenant colonel and recomputing both his back pay and his retirement pay on that basis. However, he has not alleged that he seeks reinstatement or back pay as a major. Defendant has moved to dismiss on the basis of lack of jurisdiction and the plaintiff has responded in opposition.

■ Plaintiff, in his complaint, has sought three specific forms of relief; however, this Court lacks jurisdiction to grant any of the relief requested. First, the plaintiff has alleged jurisdiction under 28 U.S.C. § 1361, conferring original jurisdiction over any action in the nature of mandamus to the district courts. However, the Claims Court, being created under Article I of the United States Constitution rather than Article III, is not considered a "district court" within the scope of section 1361. Therefore, this Court lacks jurisdiction, under section 1361, to issue an order of mandamus.

■ Second, the plaintiff has alleged jurisdiction under 28 U.S.C. § 2201, allowing a court with an "actual controversy within its jurisdiction" to render a declaratory judgment. The remedies, however, that the Claims Court may afford are limited to monetary relief and Governmental corrective relief under 28 U.S.C. § 1491(a)(2). *United States v. Grimberg Co.,* 702 F.2d 1362 (Fed.Cir.1983); *Public Service Co. of*

*Colorado v. United States,* 2 Cl.Ct. 380 (1983). Otherwise, equitable relief is available in the Claims Court only in pre-award contract cases and, to a lesser extent, in cases arising under section 7428 of the Internal Revenue Code of 1954. 28 U.S.C. § 1491(a)(2); 28 U.S.C. § 1507. Therefore, since the plaintiff has failed to allege that his cause of action falls within the scope of one of these specific statutory provisions, this Court has no power to grant a declaratory judgment. *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

■ Finally, the plaintiff asks for promotion to the rank of lieutenant colonel and recomputation of both his back pay and his retiremert pay to reflect said promotion. Under long established Claims Court precedent, absent a statute or regulation entitling the plaintiff to promotion as a matter of law, the existence of which, if a particular statute applies here, the plaintiff has failed to properly plead, this Court has no authority to order a promotion. *See Ewanus v. United States,* 225 Ct.Cl. 598 (1980); *Black v. United States,* 223 Ct.Cl. 733, 650 F.2d 287 (1980); *Curry v. United States,* 221 Ct.Cl. 741, 746, 609 F.2d 980, 983 (1979), *Guy v. United States,* 221 Ct.Cl. 427, 440–41, 608 F.2d 867, 874–75 (1979); *Borgford v. United States,* 208 Ct.Cl. 1040 (1976).

■ Under 28 U.S.C. § 1631 (1982), this Court has the discretionary authority to transfer the instant case back to the district court in which it was originally filed, if the Court, after deciding that it lacks jurisdiction to grant the plaintiff's requested relief, finds that said transfer would be in the interest of justice. Here, however, the plaintiff has failed to allege sufficient facts which would justify such a transfer being in the interest of justice. The plaintiff, following this decision, may either refile his complaint in the district court or refile his complaint with this Court after carefully reviewing its statutory jurisdictional limits. In deciding to grant the defendant's motion to dismiss, the Court would point out that it expressly requested the plaintiff, in its Orders filed October 18, 1982, and December 9, 1982, to respond more fully to the defendant's Motion to Dismiss. The plaintiff, while filing responses on both occasions, failed to respond, as this Court had hoped he would, to the jurisdictional issues raised by the defendant. Therefore, the Court is forced to dismiss this action on the basis that plaintiff's counsel has repeatedly failed to properly allege jurisdiction.

Finally, the defendant, in its motion to dismiss, noted that the plaintiff's claim exceeds $10,000, and, as such, the Tucker Act, 28 U.S.C. § 1346(a)(2), would deprive the district court of jurisdiction to hear the plaintiff's case. However, the plaintiff, while alleging damages in excess of $10,000, may waive any right of recovery in excess of $10,000 in order to confer, on the district court, concurrent jurisdiction under section 1346(a)(2). *Wolak v. United States,* 366 F.Supp. 1106, 1110 (D.Conn.1973).

Accordingly, defendant's motion to dismiss is granted and the Clerk will dismiss the complaint without prejudice.

IT IS SO ORDERED.