## PUBLIC SERVICE COMPANY OF COLORADO, Plaintiff,

City of Lakewood, Colorado,
Third-Party Plaintiff,

v.

The UNITED STATES, Defendant.

No. 525–82C.

United States Claims Court.

Aug. 17, 1984.

---

James R. McCotter, Denver, Colo., for plaintiff.

Wiley Y. Daniel, Denver, Colo., for third-party plaintiff.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

SETO, Judge.

In this breach of contract action before the court, plaintiff, third-party plaintiff, and defendant have all filed cross-motions for summary judgment. The issues involve the surcharge of franchise fees to an area of exclusive federal jurisdiction located within an incorporated municipal area, and the rights of a city to sue in this court on a contract between the Government and a public utility.

For the reasons set forth below, it is determined that defendant's motion for summary judgment should be granted in part and denied in part, defendant's counterclaim should be dismissed, and plaintiff's motion for summary judgment should be granted in part and denied in part.

## FACTS

Plaintiff, Public Service Company of Colorado ("PSC"), is a public utility subject to the general regulatory jurisdiction of the Colorado Public Utilities Commission ("CPUC"). In 1967, PSC contracted with the General Services Administration to have PSC supply gas and electricity to the Denver Federal Center ("DFC"). The DFC is an enclave of exclusive federal jurisdiction surrounded by the City of Lakewood ("Lakewood"). In 1969, Lakewood granted PSC a twenty-year franchise for the supply of gas and electrical service within the city. As part of the agreement, PSC agreed to pay Lakewood, as franchise payments, a certain percentage of the gross revenue PSC would receive from its Lakewood customers.

Prior to 1978, and again from March 25, 1981, until July 23, 1981, PSC passed on its franchise payments through a surcharge to all its customers. This surcharge was effectuated with the approval of the CPUC. From January 1, 1978, until March 24, 1981 (under a CPUC decision), and from July 24, 1981, to the present (under Colorado law), PSC passed on its franchise payments only to its customers residing in the municipalities to which these payments were made. PSC treated the DFC similarly, as any other resident of Lakewood, for the purpose of surcharging franchise fees. Defendant discontinued paying the surcharges on January 1, 1978.

Plaintiff filed suit in this court on October 13, 1982, and seeks the franchise fees not paid between January 1, 1978, and August 1, 1983, plus late fees. PSC argues that defendant is estopped to claim that the DFC is not a resident of Lakewood, and

that defendant has no additional defenses to not paying its contractual obligations. Lakewood was granted leave to file a brief as a third-party plaintiff. Lakewood asserts that defendant's refusal to pay PSC has caused Lakewood direct and indirect harm. Defendant opposes the motions of PSC and Lakewood and counterclaims for the franchise fee surcharges it did pay PSC between 1976 and 1978.

### DISCUSSION

For clarity, Lakewood's claim, PSC's claim (resident surcharges), PSC's claim (non-resident surcharges), and defendant's counterclaim will be discussed separately.

#### Lakewood's Claim

In an earlier action, this court ruled that it was not within this court's jurisdiction to consider Lakewood's request for a declaratory judgment. *Public Service Co. of Colorado v. United States*, 2 Cl.Ct. 380 (1983). Lakewood requested a declaration that the DFC was a resident of that city. Lakewood now claims that it has standing before this court because Lakewood was the intended third-party beneficiary of the contract between PSC and the DFC, and because defendant tortiously interfered with the franchise agreement between Lakewood and PSC.

■ Lakewood's interference-with-contract claim necessarily fails. The Claims Court does not have jurisdiction to hear claims against the Government which sound in tort. 28 U.S.C.A. § 1491(a)(1) (1984).

■ Lakewood's first claim is an indirect contract claim. It is possible that a situation could arise where a third party would have a claim, cognizable before this court, arising from a contract between the

Government and another party. For a third party to have standing, it would have to meet an arduous burden: to prove (1) that the contract was intended for its direct benefit, and (2) that giving it a right of enforcement will effectuate the intentions of the parties. *See German Alliance Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 33 S.Ct. 32, 57 L.Ed. 195 (1912); *Ables v. United States*, 2 Cl.Ct. 494 (1983) [LYDON, J.], *aff'd*, 732 F.2d 166 (Fed.Cir.1984); *Restatement (Second) of Contracts*, § 302.

■ In the present case, Lakewood has not met this burden. The contract between PSC and the DFC was for the supply of energy. The terms of the contract relate to Lakewood only in a peripheral way, i.e., in the Government's agreement to pay tariffs approved by the CPUC.[1] These tariffs include the franchise fees surcharged either ratably to all customers or only to residents of the municipalities involved. The Government has refused to pay the fees surcharged to the DFC, and has refused to view the DFC as a resident of Lakewood. These facts add weight to the legal presumption that Lakewood was not an intended third-party beneficiary of the contract. Lakewood has not successfully rebutted that presumption. Therefore, defendant's cross-motion for summary judgment against Lakewood should be granted.

#### PSC's Claim: Resident Surcharges

PSC argues that the DFC should be obligated to pay the franchise fees surcharged to it as a resident of Lakewood. PSC concedes that the DFC was never properly incorporated into Lakewood. *See Hiwan Ranch v. City of Lakewood*, 31 Colo.App. 471, 505 P.2d 16 (1972), which established the standard under Colorado law which cities must follow in incorporating tracts of

---

1. A copy of the 1978 contract between PSC and the government, contained in the appendix to plaintiff's brief, contains the following clauses:

Whereas, the Contractor and the Government mutually desire by this Contract to replace the expiring areawide master contract ... in obtaining electric, gas and steam service from the Contractor in accordance with: (2) the Contractor's effective tariffs, rate schedules, riders, rules, and terms and conditions of services as may be approved from time to time by the appropriate Commission. [Plaintiff's brief, A–3.]

Service under this contract shall be subject to regulation in the manner and to the extent prescribed by law by any Federal, State, or local regulatory commission having jurisdiction. [Plaintiff's brief, A–11.]

land consisting of 40 or more acres. However, Lakewood and PSC additionally argue that the actions of the DFC's agents have equitably estopped defendant to assert that the DFC is not a resident of Lakewood.

■ Courts have disagreed on whether equitable doctrines can be used against the Government, to what extent, and under what circumstances. *See, e.g., Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981); *United States v. Ruby Co.,* 588 F.2d 697 (9th Cir.1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979); *California Pacific Bank v. Small Business Admin.,* 557 F.2d 218 (9th Cir.1977); *DSI Corp. v. United States,* 228 Ct.Cl. 299, 655 F.2d 1072 (1981). Regardless of the standard chosen, PSC has not met the burden necessary to prove estoppel against the Government. A party asserting estoppel must at least demonstrate that the Government acted in such a way as to mislead that party. The record shows no examples of the Government misleading PSC into believing that the DFC was a resident of Lakewood. That the DFC refused to pay the surcharge applicable to residents of Lakewood can only work against PSC's argument. Defendant's cross-motion for summary judgment against PSC's claim, to the extent that PSC's claim involves fees that could be surcharged only to Lakewood residents, should be granted.

### PSC's Claim: Non-resident Surcharges

■ Within the time period of PSC's breach of contract claim against defendant, there is a four-month period (from March 25 until July 23, 1981) where the issues are slightly different. During those four months, PSC passed on its franchise fees, with CPUC approval, ratably to all of its customers, non-residents as well as residents, of the municipalities. Defendant continued during this time to refuse to pay the fees surcharged to the DFC. Defendant contends that it is unfair for DFC to pay for city services that it does not need and from which it does not benefit.

Defendant's challenge to the surcharge of franchise fees to non-residents, however, should have been brought before the CPUC. Defendant signed a contract with PSC in which it agreed to pay rates and tariffs as designated or approved by the CPUC. *See* note 1 *supra.* While it can refuse to pay a surcharge applicable *only* to residents by demonstrating that DFC is not a resident, it has no foundation for refusing to pay a surcharge, approved by the CPUC, passed on to residents and non-residents alike. Defendant should have challenged the regulatory ruling directly, not indirectly by refusing to pay its bills. Defendant, therefore, should be liable to PSC for the franchise fee surcharges not paid between March 25, 1981, and June 23, 1981.

### Defendant's Counterclaim

Defendant counterclaimed for a refund of the surcharge fees it did pay PSC between 1976 and 1978. During that time, PSC was passing on its franchise fees, with the approval of the CPUC, as surcharges to non-residents as well as residents. Defendant did not move for summary judgment on its counterclaim. The issues involved are legally indistinguishable from those relevant to PSC's claim for the ratable franchise fees during 1981, discussed above. For the reasons discussed therein, defendant's counterclaim should be dismissed.

### CONCLUSION

In view of the foregoing, it is ORDERED that:

1. There being no just reason for delay, pursuant to RUSCC 54(b), Lakewood's motion for summary judgment against defendant is DENIED, defendant's cross-motion for summary judgment against Lakewood is GRANTED, and Lakewood's complaint is to be DISMISSED;

2. PSC's motion for summary judgment against defendant, as it relates to fees surcharged only to residents, is DENIED, and defendant's cross-motion thereto for summary judgment is GRANTED;

3. PSC's motion for summary judgment against defendant, as it relates to fees surcharged to all customers, is GRANTED; and

4. There being no just reason for delay, pursuant to RUSCC 54(b), defendant's counterclaim against the PSC is to be DISMISSED.

It is further ORDERED that:

PSC and defendant shall file a joint stipulation before this court, on or before September 17, 1984, setting forth the amount due PSC in accordance with the court's opinion.

IT IS SO ORDERED.