# In the United States Court of Federal Claims

No. 25-2070
Filed: May 12, 2026

ANDREA NICOLE BERRY,

> *Plaintiff,*

v.

THE UNITED STATES,

> *Defendant.*

## ORDER

The Court dismissed Plaintiff Andrea Berry's ("Ms. Berry") case on *res judicata* grounds. (Order Granting Def.'s Mot. to Dism., ECF No. 7). Specifically, the Court found that Ms. Berry had previously filed suit asserting the same claims raised in the present action, and that the earlier action had been dismissed as barred by the statute of limitations. (*See id.* at 2 (citing *Berry v. United States* ("*Berry I*"), Case No. 25-1162C, at 2–3 (Fed. Cl. July 10, 2025), ECF No. 12)). The Court also noted that Ms. Berry failed to prosecute her case by failing to respond to the United States' Motion to Dismiss. (*Id.* at 3).

Four days after judgment was entered for the United States, the Clerk of Court received two filings titled "Plaintiff's Motion for Reconsideration" and "Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss[.]" Although both filings are deficient in several respects, the Court concludes upon review that the first filing substantively seeks reconsideration of the Court's prior dismissal order, while the second appears intended as an attachment or supplement to the first. Therefore, the filings are **ACCEPTED**.[1] However, because the submissions present no new arguments or evidence warranting reconsideration, Ms. Berry's Motion is **DENIED**.

To prevail on a motion for reconsideration, "the movant must identify manifest error of law, or mistake of fact." *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013) (internal citations omitted). The Court will grant a motion pursuant to RCFC 59(e) only under extraordinary circumstances, including: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *IAP Worldwide Servs., Inc. v. United States*, 141

---

[1] Because these filings will not appear on the Court's docket at the time of this ruling, the Court attaches them as supplements to this Order and cites to the documents as "Pl.'s Mot." and "Pl.'s Attach." respectively.

Fed. Cl. 788, 801 (2019) (internal citations omitted); *see also Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1350 (Fed. Cir. 2000) (discussing the correlative Federal Rule of Civil Procedure and applicable standard). Motions for reconsideration are not "intended to give unhappy litigant[s] an additional chance to sway the court." *Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)).

Ms. Berry argues that dismissal on *res judicata* grounds was improper because the present action purportedly involves "materially different claims and legal frameworks" than *Berry I*. (Pl.'s Mot. at 1). Specifically, she contends that *Berry I* "was treated as a contract-based dispute[,]" whereas the present action "involves broader legal issues arising from her working relationship and treatment in a federal environment." (*Id.* at 2). Anticipating such a claim, the Court already considered and rejected this argument. (*See* Order Granting Def.'s Mot. to Dism. at 3 (finding that the substance of Ms. Berry's claims was identical to those asserted in her previously dismissed action and arose from the same factual allegations)). Moreover, Ms. Berry identifies no newly discovered evidence, intervening change in law, or other basis warranting reconsideration of the Court's prior ruling. (*See* Pl.'s Mot.). Accordingly, the Court finds that Ms. Berry's Motion merely attempts to relitigate arguments previously rejected, which does not constitute the "extraordinary circumstances" necessary to justify relief. *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004).

Ms. Berry asserts that her failure to respond to the United States' Motion to Dismiss was not willful, attributing the delay to her pro se status and the difficulty of "navigating complex jurisdictional and procedural issues[.]" (Pl.'s Mot. at 2). For purposes of RCFC 60(b)(1), "excusable neglect" may encompass "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 25 Fed. App'x 923 (Fed. Cir. 2001) (internal citations omitted). A missed filing deadline may, in certain circumstances, constitute "excusable neglect." *Info Sys. & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed Cir. 1993). In evaluating a motion for relief from judgment under RCFC 60(b)(1), the Court considers: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 807 (2002) (citing *Info. Sys. & Networks Corp.*, 994 F.2d at 795). The first factor is a threshold inquiry because, absent a meritorious claim, granting relief would be futile. *Id.* at 810. As explained above, Ms. Berry has failed to present a meritorious claim. Accordingly, she does not satisfy the threshold requirement for relief under RCFC 60(b).

Finally, Ms. Berry submitted an attachment identified as "Plaintiff's Supplemental Arguments Support Reconsideration[.]" (Pl.'s Mot at 2). The attachment appears to be a filing from a separate action pending before the United States District Court for the District of Columbia. (*See id.* (citing Pl.'s Attach.)). In that filing, Ms. Berry appears to assert claims under Title VII of the Civil Rights Act of 1964 for sexual harassment, hostile work environment, and retaliation against an employee of the Department of Transportation. (Pl.'s Attach. at 1). To the extent Ms. Berry relies on this attachment to introduce new allegations or theories in the present action, reconsideration is not warranted. The Court is not required to consider "arguments that

could have been raised earlier." *Lee v. United States*, 130 Fed. Cl. 243, 242 (2017) (internal citations omitted). These claims were not contained in the Complaint.

Even if the Court were to consider the newly asserted bases for Ms. Berry's claims, none fall within this Court's jurisdiction. *Taylor v. United States*, 310 F. App'x 390, 392 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively [in federal district courts], the Court of Federal Claims cannot exercise jurisdiction[.]"); *see also Bernard v. United States*, 59 Fed. Cl. 497, 502 (2004) ("[T]he court does not have jurisdiction over sexual harassment claims under Title VII of the Civil Rights Act of 1964.").[2] Moreover, this Court lacks jurisdiction over claims sounding in tort. *See Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (holding the Court of Federal Claims may not exert jurisdiction over harassment claims because they sound in tort); *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (finding retaliation claims to sound in tort and the Court lack subject-matter jurisdiction); *Bennett v. United States*, 2018 WL 3617617, at *13 (Fed. Cl. 2018) (finding hostile work environment claims sound in tort). Additionally, the attachment lists "Sean Duffy, in his official capacity as U.S. Secretary of Transportation, et al.," as the Defendant, (*See* Pl.'s Attach. at 1), but the United States is the only proper defendant in the Court of Federal Claims. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

The Clerk is directed to **ACCEPT** the documents received on April 17, 2026, titled "Plaintiff's Motion for Reconsideration" and "Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss." However, Ms. Berry has failed to present any basis warranting reconsideration of the Court's prior ruling. Her request amounts to nothing more than an attempt to relitigate arguments previously rejected. Accordingly, the Court finds no basis to disturb its prior judgment, and Ms. Berry's request for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] Interestingly, the attachment Ms. Berry relies on acknowledges this fact. (*See* Pl.'s Attach. at 2 ("The . . . Court of Federal Claims does not have jurisdiction over employment discrimination claims under Title VII.")).