**Jimmy Dale DUVALL, Plaintiff–Appellant,**

v.

**Charles MILLER and Bruce Lemmon, Defendants–Appellees.**

**No. 96–4104.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 7, 1997.

Decided Sept. 5, 1997.

Jimmy D. Duvall (submitted on briefs), Pendleton, IN, for Plaintiff–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

Duvall, an inmate of an Indiana prison, filed this suit against his keepers, under 42 U.S.C. § 1983, claiming that his prison file contains erroneous information. The suit patently fails to state a claim, for the reasons explained by the district court in dismissing the suit; the appeal from the dismissal is frivolous; and the only reason for our publishing an opinion is to decide the hitherto open question whether our dismissal of the appeal is a "strike" under 28 U.S.C. § 1915(g), which limits the right of a prisoner to bring a federal civil rights suit after he has accrued three strikes. The dismissal of his suit in the district court was of course a strike. But the appeal was not taken in forma pauperis; Duvall paid the full fee after the district court rejected his motion to be allowed to proceed in forma pauperis. The question is whether dismissal on one of the grounds specified in section 1915(g) counts as a strike if the dismissal is of a paid appeal, or equally, we suppose, of a paid suit in the district court.

Section 1915 is the provision of the Judicial Code that allows the filing of federal suits by

persons unable to afford the normal filing fee. This is a privilege that Congress has decided, in the Prison Litigation Reform Act that added subsection (g) to the statute, should be withheld from any prisoner who (in the language of the subsection) "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This does not say, "brought an action or appeal in forma pauperis," or "brought an action or appeal under this section" (section 1915 is captioned "proceedings in forma pauperis"). The only reason we can think of for interpolating such a limitation is that a prisoner who had paid for the previous suit or appeal had by doing so manifested a greater seriousness than one who had done so at no cost to himself. We do not think this speculative reason is sufficiently strong to override the statutory language. The prisoner who has brought three suits or appeals that lacked sufficient merit to get beyond the pleadings (or that were an outright abuse of process) is not an appealing candidate for a waiver of the filing fee in his fourth through nth cases, even if he paid for the previous suits. We therefore hold that a dismissal need not, to qualify as a strike, be of an action or appeal filed in forma pauperis. Duvall has, therefore, accrued two strikes by the dismissal of his suit in the district court and by our dismissal of the appeal.

DISMISSED.