FILED
United States Court of Appeals
Tenth Circuit

October 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY BURGHART,

　　　　Plaintiff – Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, a/k/a CCA; CIMARRON
CORRECTIONAL FACILITY;
CHARLES RAY, Warden; JOHN
MIDDLETON, Assistant Warden; JOHN
WELCH, Assistant Warden; H. B.
FIELDS, Chief, Unit
Management/Classification; LINDA
JESTER, Mailroom Supervisor; COY
GILLESPIE, Business Manager,

　　　　Defendants – Appellees.

No. 08-6083
(D.C. No. 5:08-CV-00062-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before, **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

　　* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

Bobby Burghart, a state prisoner proceeding pro se, appeals a district court order dismissing his constitutional challenge to 28 U.S.C. § 1915(g) and its applicability to him. The constitutionality of § 1915(g) is well established, and Burghart offers no credible argument that it should not apply to him. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order and dismiss the appeal.

**I**

In January 2008, Burghart filed a 42 U.S.C. § 1983 suit in the United States District Court for the Western District of Oklahoma against Corrections Corporation of America, the Cimarron Correctional Facility, and various facility employees. He alleged the defendants violated his rights under the First, Eighth, and Fourteenth Amendments. He also filed a motion to proceed in forma pauperis ("IFP"), despite the fact his complaint advised the court that he had accrued "three (3) strikes under the [Prison Litigation Reform Act]" ("PLRA").

The magistrate judge noted that § 1915(g) prevents a prisoner who has had three suits or appeals dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted from proceeding IFP unless he is in "imminent danger of serious physical injury." Because Burghart admitted "three strikes" under the statute, the magistrate judge recommended that the district court deny the motion to proceed IFP and order Burghart to pay the full filing fee or demonstrate that he faced imminent danger of

2

serious physical injury.   Burghart objected, alleging in part that he was in danger of serious physical injury.  The district court determined that the injuries Burghart alleged were not "serious" as contemplated by the statute, denied his motion to proceed IFP, and ordered him to pay the filing fee within thirty days.

After his motion for reconsideration was denied, Burghart filed a constitutional challenge to the three strikes provision of the PLRA arguing that he had not abused the privilege of proceeding IFP and that the three strikes provision therefore violated his right of access to the courts.  Citing to Tenth Circuit precedent upholding the constitutionality of the three strikes provision, the district court rejected his constitutional challenge.  This appeal followed.

## II

Burghart argues that § 1915(g) violates his rights to procedural due process, substantive due process, and equal protection under the Fourteenth Amendment, and access the courts under the First Amendment; that the three strikes provision should not apply to him because his previous law suits were not filed IFP; that he has sufficiently alleged imminent physical injury; and that the district court judge was biased against him. We review questions of law, including the district court's determination as to the constitutionality of § 1915(g), de novo, White v. Colo., 157 F.3d 1226, 1232 (10th Cir. 1998), and determinations of fact for clear error, Pierce v. Underwood, 487 U.S. 552, 558 (1988).

Burghart argues that § 1915(g) violates his constitutional rights because his

3

previous law suits were not filed IFP and therefore it is unfair to group him with prisoners who have abused their IFP privileges. This circuit has already upheld the constitutionality of § 1915(g) against due process, equal protection, and access to the courts challenges. See, e.g., White, 157 F.3d 1232-35. Burghart's constitutional arguments are therefore without merit.

Next, Burghart argues that Congress did not intend § 1915(g) to apply to prisoners who had not filed their earlier cases IFP. However, § 1915(g) makes no such distinction, nor does Burghart cite to any authority in support of this argument. Instead, the cases he cites state that Congress enacted § 1915(g) to achieve "the curtailment of abusive prisoner tort, civil rights and conditions litigation and preserving scarce judicial resources." White, 157 F.3d at 1234 (quotation omitted); accord Rivera v. Allin, 144 F.3d 719, 727 (11th Cir. 1998). These ends are achieved by preventing a prisoner who has paid filing fees in past frivolous law suits from proceeding IFP, just as they are achieved by preventing a prisoner from proceeding IFP for the fourth or fifth time. We therefore reject this argument.

Burghart also argues that he has sufficiently alleged imminent danger of serious physical injury, placing him outside the strictures of § 1915(g). He alleges that he suffers "constant stress" due to the denial of his constitutional rights and that he "has and could suffer" migraines, "cardiovascular [problems]," hypertension, fatigue and depression, a "suppressed immune system," memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy. These allegations are not credible: Burghart has not explained

4

how the rights violations alleged in his original complaint will produce these injuries. He has merely asserted conclusory allegations, which fail to satisfy § 1915(g).

Finally, Burghart argues that the district court judge was biased against him. He offers no evidence other than the fact that the judge denied his request to proceed IFP. This argument is therefore meritless.

### III

For the foregoing reasons, we **AFFIRM** the district court's denial of the motion to proceed in forma pauperis and **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

5