Hubert WARREN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 12–513C.

United States Court of Federal Claims.

Aug. 30, 2012.

Hubert Warren, Kenedy, TX, pro se.

Jessica R. Toplin, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

SWEENEY, Judge.

Hubert Warren, appearing *pro se*, seeks permission to file a complaint against the United States, along with a petition for writ of mandamus, challenging his state law criminal conviction. He also moves to proceed *in forma pauperis*. The court permits plaintiff's complaint to be filed for the sole purpose of determining its propriety. However, for the reasons set forth below, the court dismisses plaintiff's complaint as barred by the three-strikes rule set forth in 28 U.S.C. § 1915(g). And, assuming that there were no grounds to apply the three-strikes rule, the court would dismiss plaintiff's complaint for lack of jurisdiction and deny plaintiff's petition for writ of mandamus as moot.

## I. BACKGROUND

Plaintiff was convicted by a jury of aggravated assault on a public servant and sentenced to a sixty-year term of incarceration.

*See Warren v. Texas*, 98 S.W.3d 739, 740 (Tex.App.2003). His conviction and sentence were upheld on appeal in state court, and he was denied a writ of habeas corpus in federal court. *Id.* at 745; *Warren v. Dretke*, No. Civ.A.3:04CV0496–D, 2004 WL 1836733, at *1 (N.D.Tex.2004) (adopting the magistrate judge's findings and conclusions and rejecting plaintiff's application for a writ of habeas corpus).

Despite this lack of success, plaintiff continued to challenge his indictment, sentence, and conviction in state and federal court. *See, e.g., Warren v. Keller*, No. 03–11–00045–CV, 2011 WL 5138709 (Tex.App. Oct. 26, 2011) (describing a recent challenge in state court); *Warren v. Quarterman*, No. 3–07–CV–0849–N, 2007 WL 1609821 (N.D.Tex. June 4, 2007) (describing a history of challenges in federal court). In fact, as of June 2007, plaintiff had filed in federal court four unsuccessful applications for a writ of habeas corpus and ten unsuccessful motions for relief from judgment. *Warren*, 2007 WL 1609821, at *2. Many of plaintiff's suits in federal court were dismissed as frivolous or for failure to state a claim. *See, e.g., Warren v. Keller*, No. SA07–CA–431–OG (W.D.Tex. June 13, 2007) (order dismissing case as frivolous and for failure to state a claim); *Warren v. Tex. Court of Criminal Appeals*, No. SA–6–CA–288–RF (W.D.Tex. May 2, 2006) (order dismissing case as frivolous and for failure to state a claim); *Warren v. Court of Criminal Appeals of Tex.*, No. A–04–CA–060–LY (W.D.Tex. Mar. 15, 2004) (order dismissing case as frivolous). Plaintiff has been barred from filing any pleadings in federal court challenging his criminal conviction without first obtaining the approval of the United States Court of Appeals for the Fifth Circuit. *See Warren*, 2007 WL 1609821, at *1–2. He has also been barred from filing petitions in the United States Supreme Court ("Supreme Court") unless he pays the filing fee and submits the petition in the form prescribed by the court's rules. *See In re Warren*, —— U.S. ——, 131 S.Ct. 660, 178 L.Ed.2d 517 (2010). And, plaintiff has twice been sanctioned in federal court for abusing the judicial process. *See Warren*, 2007 WL

1609821, at *1–3 (describing $100 and $500 fines).

Plaintiff has attempted to skirt the prohibitions placed on him by the federal courts in Texas by filing suit in other federal district courts. *See, e.g., Warren v. Prado,* No. 2:11–cv–02271–ES (D.N.J. filed Apr. 18, 2011); *Warren v. United States,* No. 1:11–cv–00032–RLF–GWC (D.V.I. filed Mar. 28, 2011). He has also filed three suits in this court. *See Warren v. Correa,* No. 11–873C (Fed.Cl. filed Dec. 12, 2011) (alleging that employees of the United States District Court for the Virgin Islands improperly declined to file his complaint challenging his indictment, sentence, and conviction); *Warren v. United States,* No. 11–609C (Fed.Cl. filed Sep. 21, 2011) (alleging tort, criminal, and constitutional claims against the public officials involved in his indictment, sentence, and conviction); *Warren v. United States,* No. 09–175C (Fed. Cl. filed Mar. 19, 2009) (alleging tort claims against the state of Texas and the public officials involved in his indictment, sentence, and conviction). Two of the suits filed in this court were dismissed for lack of jurisdiction, and the third was dismissed for violating the three-strikes rule. Nevertheless, plaintiff has once again filed suit in this court, asserting a variety of constitutional and statutory claims in another attempt to challenge his indictment, sentence, and conviction.

## II. DISCUSSION

### A. Frivolous Complaints

When the court receives a complaint from a prisoner, it is obligated to screen the complaint and then, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, dismiss the suit. *See* 28 U.S.C. § 1915A (2006). If a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, he is barred from initiating further suits or appeals without first paying the filing fee, unless he is "under imminent danger of serious physical injury."[1] *Id.* § 1915(g).

As described above, plaintiff has had at least three suits dismissed as frivolous or for a failure to state a claim upon which relief may be granted. And, his vague allegations that he suffers from disruptions in his circadian rhythm and sleep deprivation, without more, do not reflect that he is "under imminent danger of serious physical injury" such that he could proceed in spite of the three-strikes rule.[2] *See, e.g., Burghart v. Corrections Corp. of Am.,* 350 Fed.Appx. 278, 279–80 (10th Cir.2009) (unpublished opinion) ("[Plaintiff] alleges that he suffers 'constant stress' due to the denial of his constitutional rights and that he 'has and could suffer' migraines, 'cardiovascular [problems],' hypertension, fatigue and depression, a 'suppressed immune system,' memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy. These allegations are not credible: [plaintiff] has not explained how the rights violations alleged in his original complaint will produce these injuries. He has merely asserted conclusory allegations, which fail to satisfy § 1915(g)."). Accordingly, plaintiff cannot proceed in this suit without first paying the court's filing fee.

1. Specifically, the three-strikes rule provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court's cursory review of the dockets in suits filed by plaintiff in federal court revealed only one dismissal under section 1915(g). *See Warren,* No. 09–175C (Fed.Cl. June 18, 2009) (order dismissing case under section 1915(g)).

2. Plaintiff's factual allegations regarding "imminent danger of serious physical injury" are, in their entirety:

Physical contact, movement, noise or merely just a brief flash of white, blue or green light dissipate the body chemical melatonin and thereby disrupt[ ] the circadian cycle (biological clock).

On March 12, 2009, ABC News announced that it had been confirmed that sleep deprivation causes heart attack[s], heart disease, stroke, diabetes, cancer, and infection.

Statement Regarding Imminent Danger of Serious Physical Injury 2.

Because plaintiff filed an application to proceed *in forma pauperis* rather than pay the filing fee, his suit is barred under 28 U.S.C. § 1915(g).[3]

However, even if the suit was not barred by the three-strikes rule, there could be no further proceedings because this court lacks jurisdiction over plaintiff's complaint.

### B. Jurisdiction in the United States Court of Federal Claims

 Whether the court has jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court *sua sponte* may challenge the existence of subject matter jurisdiction at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004).

 When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). A *pro se* plaintiff's complaint, " 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'...." *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, a *pro se* plaintiff is not excused from meeting basic jurisdictional requirements. *See Henke*, 60 F.3d at 799 ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a *pro se* plaintiff

is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

 The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed.Cir.1994) (en banc).

### C. The United States as Defendant

 As an initial matter, the court addresses plaintiff's claims against the bevy of public officials he identified in his complaint, including state judges, state prosecutors, federal judges, and federal prosecutors. It is

---

**3.** If plaintiff was not barred from proceeding *in forma pauperis* under section 1915(g), the court would deny his application to proceed *in forma pauperis* due to his failure to submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

6–month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison which the prisoner is or was confined," as required by 28 U.S.C. § 1915(a)(2).

well settled that the United States is the only proper defendant in the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); *Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). This court does not possess jurisdiction to hear claims against individual federal government officials. *See Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Nor does it have jurisdiction to hear claims against state officials. *See Vlahakis v. United States*, 215 Ct.Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."); *Moore v. Pub. Defenders Office*, 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588, 61 S.Ct. 767. Accordingly, the court lacks jurisdiction over plaintiff's claims against all parties other than the United States.

## D. Plaintiff's Constitutional Claims

Plaintiff alleges violations of several amendments to the United States Constitution, including the Fifth Amendment right to due process, the Fourteenth Amendment guarantee of equal protection, and the Thirteenth Amendment prohibition against slavery. None of the provisions cited by plaintiff is money-mandating. Accordingly, the court lacks jurisdiction over these claims. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment ... [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988) (holding that the Due Process and Equal Protection Clauses "do not trigger Tucker Act jurisdiction in the courts"); *Pleasant–Bey v. United States*, 99 Fed.Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.").

## E. Plaintiff's Statutory Claims

■■■■ In addition to his constitutional claims, plaintiff alleges violations of various federal statutes, including provisions of the criminal code and provisions of the Civil Rights Act of 1871.[4] The Court of Federal Claims lacks jurisdiction to entertain criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed.Cir.1994) (affirming that the Court of Federal Claims had " 'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code' "); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl.1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). It also lacks jurisdiction to entertain claims arising under the Civil Rights Act of 1871. *See Jefferson v. United States*, 104 Fed.Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006)...."); *Marlin v. United States*, 63 Fed.Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil

---

4. Plaintiff also cites 15 U.S.C. §§ 1581, 1583, and 1584 as bases for his claim for compensatory damages. However, these sections do not exist in the United States Code.

Rights Act resides exclusively in the district courts."); *Blassingame v. United States,* 33 Fed.Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision.... Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), *aff'd,* 73 F.3d 379 (Fed.Cir.1995). Accordingly, the court lacks jurisdiction over plaintiff's statutory claims.

### F. Petition for a Writ of Mandamus

 Along with his complaint, plaintiff filed a petition for a writ of mandamus. There are two federal statutes that a party may invoke to obtain a writ of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Section 1361, titled "Action to compel an officer of the United States to perform his duty," provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The statute clearly grants the power of mandamus only to federal district courts. The Court of Federal Claims, while a federal court, is not a federal district court.[5] Accordingly, the court lacks the jurisdiction to issue a writ of mandamus under section 1361.

Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Unlike section 1361, this statute does not restrict the issuance of writs to federal district courts. *See Cox v. West,* 149 F.3d 1360, 1363 (Fed.Cir.1998). However, plaintiff has not established that a writ of mandamus is necessary or appropriate in this case.

The writ of mandamus "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (citations and quotations omitted). Indeed, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Id.* For a court to issue a writ of mandamus, the party seeking the writ must not have any "other adequate means to attain the relief" it desires, and must prove that its right to the writ is "clear and indisputable." *Id.* at 403, 96 S.Ct. 2119 (citation omitted); *see also Cox,* 149 F.3d at 1365 n. 2 ("The writ is not normally granted when there is an adequate alternative remedy."). In this case, because plaintiff has not asserted any claims against the United States over which this court has jurisdiction, he cannot demonstrate that his right to a writ of mandamus is "clear and indisputable." *Kerr,* 426 U.S. at 403, 96 S.Ct. 2119. Accordingly, a writ of mandamus is not an available remedy in this case, rendering plaintiff's petition for the writ moot.

### III. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint under 28 U.S.C. § 1915(g). Moreover, if the suit was not barred by operation of section 1915(g), the court would (1) dismiss plaintiff's complaint for lack of jurisdiction; (2) deny plaintiff's petition for a writ of mandamus as moot; and (3) declare the suit to be frivolous under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1) because plaintiff had notice before he filed this suit that the Court of Federal Claims lacks jurisdiction over claims related to his indictment, conviction, and sentence. In addition, because the court allowed

---

5. With the exception of the Supreme Court, which was created by the United States Constitution, all federal courts "are established by Congress and possess only the jurisdiction granted to them by the Congress." *In re United States,* 877 F.2d 1568, 1571 (Fed.Cir.1989). Congress established this federal court, the Court of Federal Claims, "under article I of the Constitution of the United States." 28 U.S.C. § 171(a). In contrast, Congress establishes federal district courts under Article III of the United States Constitution. Because it is an Article I court, the Court of Federal Claims is not a federal district court. *See Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir. 2002) (per curium); *Alford v. United States,* 3 Cl.Ct. 229, 230 (1983); *see also* 28 U.S.C. § 451 (defining "district court" as those courts described in chapter 5 of Title 28 of the United States Code).

plaintiff's complaint to be filed but found that plaintiff could not proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the court **DIRECTS** plaintiff to pay the filing fee in full. The clerk shall enter judgment accordingly.

As a final matter, in light of the fact that this court has now twice dismissed complaints filed by plaintiff under 28 U.S.C. § 1915(g), the clerk shall not file any additional pleadings from plaintiff without first obtaining an order from a judge of this court approving the filing.

**IT IS SO ORDERED.**