# In the United States Court of Federal Claims

No. 13-112C
(Filed: February 19, 2013)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| RALPH TAYLOR, | ) |
|  | ) |
| Pro Se Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Mr. Ralph Taylor filed his pro se complaint in this court on February 11, 2013, against "Timothy Geithner, Secretary of the United States Treasury."[1] Mr. Taylor alleges that he entered into a contract with now-former Secretary Geithner on November 29, 2012, when Secretary Geithner allegedly received a letter and financial instrument from Mr. Taylor appointing Secretary Geithner as his fiduciary. Mr. Taylor claims that under

---

[1] Mr. Taylor has not paid the filing fee in this case and has not submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). Nevertheless, the court waives the filing fee for the limited purpose of filing the complaint. Notwithstanding the court's waiver, because Mr. Taylor is a prisoner, he is required to pay the filing fee in full over time. 28 U.S.C. § 1915(b). Thus, Mr. Taylor shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, Mr. Taylor shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

the alleged contract, Secretary Geithner was responsible for crediting $11 million to Fidelity Investment Company to secure the release of a debt obligation Mr. Taylor incurred pursuant to a criminal judgment against him. Mr. Taylor is apparently serving his sentence in the Federal Correctional Institution in Terre Haute, Indiana. Mr. Taylor alleges that Secretary Geithner breached the alleged contract under the laws of the District of Columbia when Secretary Geithner failed to satisfy the debt within the time limits required under the alleged contract.

Mr. Taylor attaches to his complaint (1) his letter to Secretary Geithner setting forth the terms of the alleged contract; (2) his letter to Fidelity Investment Company alerting Fidelity Investment Company of his debt and of his fiduciary relationship with Secretary Geithner; (3) an international bill of exchange listing Fidelity Investment Company as the "payee" and Secretary Geithner as the "drawee" for the $11 million obligation; (4) copies of Mr. Taylor's debt obligation pursuant to the criminal judgment against him; (5) a notice that Mr. Taylor sent to Secretary Geithner when Secretary Geithner allegedly breached the contract. Mr. Taylor requests that Secretary Geithner return the proceeds from the financial instrument forwarded to him in the amount of $11 million, and seeks "specific performance" of Secretary Geithner's fiduciary responsibilities.

Before proceeding to the issues presented in Mr. Taylor's complaint, the court must first determine whether it possesses jurisdiction over Mr. Taylor's complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court lacks jurisdiction to hear it. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that "the allegations stated in the complaint are . . . true." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). A pro se plaintiff, such as Mr. Taylor, is entitled to a liberal construction of the pleadings. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The burden is on Mr. Taylor to establish that this court has jurisdiction to hear his complaint. See M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748

(Fed. Cir. 1988)). If Mr. Taylor cannot establish jurisdiction, his complaint must be dismissed under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This rule states that if the court at any time finds it lacks subject matter jurisdiction over the claims before it, the court must dismiss the action. Id.

If Mr. Taylor establishes that the court has jurisdiction to proceed, the court may still dismiss his claims for failure to state a claim if the court determines that no additional proceedings would enable him to prove facts entitling him to prevail. Corrigan v. United States, 82 Fed. Cl. 301, 303 (2008) (citing New York Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999)). The court should dismiss a case for failure to state a claim only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Corrigan, 82 Fed. Cl. at 303-04 (quoting Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 654 (1999)). When deciding whether to dismiss a plaintiff's claims based on a failure to state a claim, this court must assume that all facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). However, mere recitals of the elements of a cause of action or conclusory statements will not suffice to state a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

## A.   The Court Lacks Jurisdiction Over Claims Against Parties Other Than the United States.

Mr. Taylor's complaint raises allegations against Secretary Geithner. This court only possesses jurisdiction to hear claims against the United States. See 28 U.S.C. § 1491. The court does not have jurisdiction over suits against individual federal officials. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); Warren v. United States, 106 Fed. Cl. 507, 510-11 (2012) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."). Accordingly, the court lacks jurisdiction over Mr. Taylor's claims against Secretary Geithner for breach of contract, and must dismiss his complaint under Rule 12(h)(3) of the Rules of this court.

## B.   Plaintiff Has Failed to State a Breach of Contract Claim in His Complaint.

Even if the court interprets Mr. Taylor's complaint as alleging a non-frivolous contract with the United States, therefore establishing jurisdiction in this court, see Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (holding that "jurisdiction under [the Tucker Act] requires no more than a non-frivolous allegation of a contract with the government"), he has failed to allege the necessary facts to support his breach of contract claim because he has not alleged, with enough facts, that a contract existed between himself and the United States. To allege a contract with the United States that would entitle him to relief, Mr. Taylor must provide enough facts in his complaint to show a mutual intent to contract between himself and the United States,

3

including an offer to contract, an acceptance of that offer, and consideration. <u>Trauma Serv. Grp. v. United States</u>, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

Mr. Taylor's complaint fails to meet these standards. Neither the complaint nor the attachments to the complaint demonstrate that Secretary Geithner accepted Mr. Taylor's offer to become his fiduciary, responsible for the $11 million obligation. While Mr. Taylor alleges a "simple, express" contract between himself and Secretary Geithner that was formed upon Secretary Geithner's "receipt and acceptance" of his letter, this conclusory statement is not sufficient to establish that Secretary Geithner intended to contract with Mr. Taylor. <u>Twombly</u>, 550 U.S. at 555. In addition, after reviewing the alleged contract attached to the complaint, the court sees no indication of acceptance on the part of Secretary Geithner to become Mr. Taylor's fiduciary or to satisfy the debt obligation. The court therefore finds that Mr. Taylor has failed to sufficiently allege a valid contract that would entitle him to relief in this court.

In sum, the court must **DISMISS** Mr. Taylor's complaint for lack of jurisdiction. Even if Mr. Taylor could establish jurisdiction in this court, his complaint fails to state a claim upon which relief may be granted because it does not allege a valid contract.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

4