OPINION OF THE COURT
FISHER, Circuit Judge.
Haddrick Byrd, a prisoner at SCIFrackville, filed a pro se complaint under *214 42 U.S.C. § 1983 in the Middle District of Pennsylvania alleging that various Pennsylvania Department of Corrections (“DOC”) employees violated his Eighth Amendment rights and were negligent under state law. Byrd appeals the District Court’s order granting summary judgment to DOC employees V. Stanishefski, Jack Robinson, and H. Spencer, and the District Court’s refusal to reconsider its order granting a motion to dismiss for DOC employees Robert Shannon and Dorina Varner. Instead of paying a docketing fee on appeal, Byrd filed a motion to proceed in forma pauperis (“IFP”). For the reasons set forth below, we will deny Byrd’s request to proceed IFP.
I.
At all times material to this appeal, Byrd was an inmate at SCI-Frackville. Byrd’s pro se complaint of August 13, 2009 named the following defendants: (1) Robert Shannon, the Superintendent of SCIFrackville; (2) V. Stanishefski, the Corrections Health Care Administrator at SCIFrackville; (3) Jack Robinson, the Supervising Nurse at SCI-Frackville; (4) H. Spencer, a nurse at SCI-Frackville; and (5) Dorina Varner, the Chief Grievance Officer for the DOC. Byrd specifically alleges that these DOC employees showed deliberate indifference to his serious medical needs by failing to provide him with prescription eye drops for his glaucoma, thus depriving him of his Eighth Amendment rights and committing negligence under state law.
Byrd proceeded IFP in the District Court after his application to do so was granted on September 9, 2009. The District Court, on February 22, 2010, granted defendants’ motion to dismiss in part, dismissing Shannon and Varner. On February 28, 2011, the District Court granted the remaining defendants’ motion for summary judgment.
On April 5, 2011, Byrd filed a motion to proceed IFP on appeal. That same day, the Clerk’s Office notified Byrd that he had “three strikes” under 28 U.S.C. § 1915(g) and had to file a motion showing that he was in imminent danger of serious physical injury in order to be eligible for IFP status. Byrd’s three potential strikes included two cases that were clearly dismissed for failure to state a claim: (1) Byrd v. Parris, No. 99-769, 1999 WL 895647 (E.D.Pa. Oct. 15, 1999) and (2) Byrd v. City of Philadelphia, No. 06-1957, 2006 WL 2346283 (E.D.Pa. Aug. 10, 2006). The other potential strike, Byrd v. Gillis, 43 Fed.Appx. 521 (3d Cir.2002), was an appeal that was dismissed by this Court under 28 U.S.C. § 1915(e)(2)(B) because it was “without merit.” In response to the notification by the Clerk’s Office, Byrd did not file a motion alleging imminent danger; instead, he submitted a response on April 19, 2011, arguing that the Clerk’s Office made a mistake in determining that he had three strikes. Byrd noted that, although he brought two prior actions that were dismissed for failure to state a claim, he did not proceed IFP in those actions.
In the January 12, 2012 order appointing amicus curiae, this Court instructed amicus to address whether dismissals of non-IFP actions and appeals can count as strikes under § 1915(g), or whether only IFP actions and appeals can count as strikes. The Court also stated that “[ajmicus counsel may wish to address the relevance, if any, of the fact that 28 U.S.C. section 1915(e) and section 1915(g) use similar phrasing ... that varies slightly from the language of Fed.R.Civ.P. 12(b)(6).”
On February 28, 2012, amicus requested to expand the scope of its appointment. Specifically, amicus sought leave to ad *215 dress whether this Court’s dismissal of one of Byrd’s previous cases, Byrd v. Gillis, 43 Fed.Appx. 521 (3d Cir.2002), constituted a strike. On March 8, 2012, this Court granted in part and denied in part amicus’s motion to expand the scope of its representation. The Court permitted amicus to argue, with respect to Byrd v. Gillis, that “when an action is dismissed for a reason that is unclear, that dismissal does not count as a strike.”
II.
We have jurisdiction of this matter as an appeal of a final decision in the District Court. 28 U.S.C. § 1291. The District Court did not address whether Byrd’s eligibility for IFP status was foreclosed by the three strikes provision of 28 U.S.C. § 1915(g). We now address this issue as a matter of first impression.[1]
III.
A.
In order to determine Byrd’s IFP eligibility, we must decide whether “strikes” under 28 U.S.C. § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, or whether “strikes” can only be accrued in IFP actions or appeals. Section 1915(g), enacted as a part of the Prison Litigation Reform Act of 1996 (“PLRA”), states:
“In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.”
Three of our sister courts of appeals have held that strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP. See Burghart v. Corr. Corp. of Am., 350 Fed.Appx. 278, 279 (10th Cir.2009); Hyland v. Clinton, 3 Fed.Appx. 478, 479 (6th Cir.2001); Duvall v. Miller, 122 F.3d 489, 490 (7th Cir.1997). No court of appeals has held that strikes may only be accrued in IFP actions or appeals.[2]
*216 This situation presents an issue of statutory interpretation. Our task is to give effect to the will of Congress, and where Congress’s will has been expressed in language that has a reasonably plain meaning, that language must ordinarily be regarded as conclusive. Negonsott v. Samuels, 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993); see also Caraco Pharm. Labs., Ltd. v. Novo Nordisk, — U.S. -, 132 S.Ct. 1670, 1680, 182 L.Ed.2d 678 (2012) (“We begin where all such inquiries must begin: with the language of the statute itself.”). If the language of the statute has a reasonably plain meaning, then our sole function is to enforce the statute’s language. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).
In determining whether the language of a particular statutory provision has a plain meaning, the language shall be considered in the context of the entire statute. Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (stating that statutory interpretation focuses on “the language itself, the specific context in which that language is used, and the broader context of the statute as a whole”); see also AbduL-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir.2001) (en banc) (interpreting one particular section of the PLRA, 28 U.S.C. § 1915(g), in the context of the PLRA as a whole). The plain meaning of statutory language is not conclusive only when “the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.” Ron Pair Enters., 489 U.S. at 242,109 S.Ct. 1026.
Statutory purpose and legislative history may be referenced only if the statutory language is without a plain meaning, i.e., if the statutory language is ambiguous. In re Phila. Newspapers, LLC, 599 F.3d 298, 304 (3d Cir.2010). Statutory language is ambiguous only where it is “reasonably susceptible of different interpretations.” Id. (quoting Nat’l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co., 470 U.S. 451, 473 n. 27, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985)).
Here, the statutory language has a reasonably plain meaning — “an action or appeal” is not limited to an IFP action or appeal; rather, it refers to both IFP and non-IFP actions or appeals. The three strikes provision, § 1915(g), does not make an explicit exception for previous actions or appeals where the prisoner was not granted IFP status. See Burghart, 350 Fed.Appx. at 279 (“[Plaintiff] argues that Congress did not intend § 1915(g) to apply to prisoners who had not filed their earlier cases IFP. However, § 1915(g) makes no distinction.”); Hyland, 3 FedAppx. at 479 (“[Section] 1915(g) does not distinguish between prior in forma pauperis actions and prior actions in which the fee was paid.”); Duvall, 122 F.3d at 490 (“[Section 1915(g) ] does not say, ‘brought an action or appeal in forma pauperis,’ or ‘brought an action or appeal under this section.’ ”).
We acknowledge that this Court, in Santana v. United States, found the phrase “civil actions” in another part of the PLRA to “lack a plain meaning.” 98 F.3d 752, 755 (3d Cir.1996) (interpreting 28 U.S.C. § 1915(b) and holding that the filing fee requirements of the PLRA with regard to “civil actions” did not apply to IFP habeas corpus petitions and appeals). This Court’s analysis in Santana, however, focused on the unique nature of habeas corpus actions. Id. at 754. In contrast to habeas corpus actions, standard non-IFP actions are not, “in effect, hybrid actions whose nature is not adequately captured by the phrase ‘civil action.’” Id. Thus, Santana does not compel a conclusion that *217 the phrase “an action or appeal” in § 1915(g) lacks a plain meaning.
The same can be said for Grayson v. Mayview State Hospital, wherein this Court stated that § 1915(e)(2)(B), which uses language that closely tracks the three strikes provision of § 1915(g), is limited to IFP actions or appeals. 293 F.3d 103, 109 n. 10 (3d Cir.2002) (“Although the language of § 1915(e)(2) does not expressly limit the provision’s reach to in forma pauperis claims, we believe Congress intended it to be so limited.”). We do not find Grayson to be controlling. First, the finding in Grayson — that § 1915(e)(2) applies only to IFP actions or appeals — is dicta; it was not necessary to the Court’s holding, which was that the district court was required to grant leave to amend before dismissing a pro se inmate’s action for failure to state a claim. Id. at 114. Second, the Grayson Court based its finding in part on the fact that any alternative interpretation of § 1915(e)(2)(B) would render similar provisions of the PLRA superfluous. Id. at 109 n. 10 (citing Benson v. O’Brian, 179 F.3d 1014, 1017 (6th Cir.1999) (“[I]f all actions, whether pursued in forma pauperis or not, are to be screened by the district court pursuant to § 1915(e)(2), the specific prisoner complaint screening provision, § 1915A, would be rendered largely superfluous.”)). In contrast to § 1915(e)(2)(B), if § 1915(g) were interpreted to encompass non-IFP actions and appeals, no other provision of the PLRA, including § 1915A, would be rendered superfluous.
Finally, we acknowledge amicus’s argument that the language difference between § 1915(g) and Rule 12(b)(6) of the Federal Rules of Civil Procedure is instructive as to the meaning of “an action or appeal.” Section 1915(g), just like the IFP specific provision, § 1915(e)(2)(B), which was the focus of Grayson, refers to an action that “fails to state a claim upon which relief may be granted,” while Rule 12(b)(6) refers to an action that “fails to state a claim upon which relief can be granted.” Amicus argues that this contrast between “may” and “can” indicates that Congress used “may” in § 1915(g) as a signal to reference § 1915(e) dismissals, which occur only in IFP actions and appeals, as opposed to Rule 12(b)(6) dismissals, which occur in both IFP and non-IFP actions. Although this argument is of some persuasive effect, it does not render the phrase “an action or appeal” to be without a plain meaning. The bottom line remains that Congress could have easily differentiated between IFP and non-IFP actions or appeals in the language of § 1915(g), but it did not. It is more rational to suppose that if Congress intended to make an exception for non-IFP cases in § 1915(g), then it would have explicitly done so, rather than merely using the word “may” instead of “can.”
Thus, strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP, and Byrd’s previous non-IFP actions, which were dismissed for failure to state a claim, count as strikes for purposes of § 1915(g). Because this literal application of the statute will not likely increase the incidence of frivolous suits from prisoners, it will not “produce a result demonstrably at odds with the intentions of the drafters.” Ron Pair Enters., 489 U.S. at 242, 109 S.Ct. 1026.
B.
Amicus, in support of Byrd, argues that even if non-IFP actions and appeals can count as strikes, Byrd has only two strikes, rather than three, because this Court’s dismissal of Byrd’s appeal in Byrd v. Gillis, 43 Fed.Appx. 521 (3d Cir.2002) *218 under § 1915(e)(2)(B) does not constitute a strike. We disagree.
In Byrd v. Gillis, Byrd brought suit in the Middle District of Pennsylvania against prison officials in their individual and official capacities for failing to investigate a false misconduct report against him. No. 01-cv-0576, slip op. at 1 (M.D.Pa. Sept. 21, 2001). As a result of the misconduct report, Byrd was placed in the restrictive housing unit for 60 days. Id. at 5. Byrd alleged that he was “subjected to the denial of due process, equal protection under the law, denial of religious practices, retaliation, malfeasance, non-feasance, and misfeasance.” Id. at 1. The Magistrate Judge[3] granted the defendants’ motion for summary judgment and concluded that, except for Byrd’s due process claim regarding his misconduct hearing, Byrd failed to exhaust his administrative remedies. Id. at 6-12. In regard to Byrd’s due process claim, the Magistrate Judge held that Byrd’s placement in the restricted housing unit did not implicate a protected liberty interest under Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2298, 132 L.Ed.2d 418 (1995). Id. at 14-16. Additionally, in regard to Byrd’s official capacity claims, the Magistrate Judge concluded that the prison officials were immune from suit. Id. at 13-14. Byrd’s state law claims were held to be barred under the Eleventh Amendment. Id.
On appeal, this Court held that the Magistrate Judge properly granted summary judgment. Byrd v. Gillis, 43 Fed.Appx. 521, slip op. at 4 (3d Cir.2002). The Court explicitly agreed that Byrd failed to exhaust his administrative remedies, that the alleged conduct did not implicate a protected liberty interest, and that the Eleventh Amendment barred Byrd’s state law claims.[4] Id. at 3-4. The Court ultimately dismissed the entire appeal under § 1915(e)(2)(B) because it was “without merit.” Id. at 4.
Section 1915(e)(2)(B) provides:
“[T]he court shall dismiss the case at any time if the court determines that— the action or appeal — (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.”
The consideration of whether a dismissal under § 1915(e)(2)(B) should count as a strike under § 1915(g) sometimes, requires an examination of the § 1915(e)(2)(B) dismissal. This is because § 1915(e)(2)(B) includes a ground for dismissal — defendant’s immunity from suit — that does not qualify as a strike under § 1915(g), which involves dismissals for actions or appeals that are “frivolous, malicious, or fail[] to state a claim upon which relief may be granted.”
We decline to adopt a categorical rule that courts, in dismissing actions and appeals under § 1915(e)(2)(B), must precisely indicate that the action or appeal is “frivolous or malicious” or “fails to state a claim on which relief may be granted” in order for the dismissal to count as a strike under § 1915(g). Instead, we adopt a position similar to that of the U.S. Court of Appeals for the Tenth Circuit and clarify that when a court dismisses an action or appeal under § 1915(e)(2)(B), without more specificity, our determination of whether the dismissal constitutes a strike is “not formalistic or mechanical; rather, we must consider the nature of the dis *219 missal and ... whether the dismissal fits within the language of § 1915(g).”[5] Hafed v. Fed. Bureau of Prisms, 635 F.3d 1172, 1178 (10th Cir.2011).[6]
Our dissenting colleague emphasizes that strikes should not accrue for “mixed dismissals,” i.e., those dismissals that are based in part on a § 1915(g) ground, and in part on other grounds. We agree. In applying this case-specific, non-mechanical approach, we consider the nature of the § 1915(e)(2)(B) dismissal and determine whether the entire dismissal fits within the language of § 1915(g). See Tolbert v. Stevenson, 635 F.3d 646, 651-52 (4th Cir.2011) (“[Section] 1915(g) requires that a prisoner’s entire ‘action or appeal’ be dismissed on enumerated grounds in order to count as a strike”).
In Byrd v. Gillis, in addition to affirming that Byrd failed to exhaust his administrative remedies and failed to identify a protected liberty interest, the Court agreed with the Magistrate Judge’s conclusion that the Eleventh Amendment barred Byrd’s state law claims. The Court, however, did not indicate that it was relying on § 1915(e)(2)(B)(iii) (concerning immunity) to dismiss any part of the appeal. Instead, in dismissing the appeal in its entirety, the Court stated generally that it was relying on § 1915(e)(2)(B) because the appeal was “without merit.” Consequently, we must determine whether the dismissal of the appeal under § 1915(e)(2)(B) because it was “without merit” fits within the language of § 1915(g).
In making this determination, we reiterate that a dismissal under § 1915(e)(2)(B) occurs because the action or appeal (1) is frivolous or malicious; (2) fails to state a claim; or (3) seeks monetary damages from a defendant who is immune from suit. With regard to an appeal of summary judgment, such as in Byrd v. Gillis, the reason for a dismissal under § 1915(e)(2)(B) is necessarily limited to either the appeal’s frivolous or malicious nature or the defendant’s immunity from suit. For the following reasons, we believe that the Court’s dismissal of Byrd’s appeal under § 1915(e)(2)(B) because it was “without merit” is appropriately viewed as a dismissal for frivolousness, rather than as a dismissal for suing an immune defendant.
First, the Court dismissed the entire appeal as being “without merit,” and a dismissal based on the appeal’s frivolous nature addresses the entire appeal, whereas a dismissal based on the defendants’ immunity addresses only some of Byrd’s claims; namely, his state law claims and his claims against the defendants in their *220 official capacities. Second, the phrase “without merit” and similar variations are often associated with the word “frivolous” in the context of § 1915. See Deutsch v. United, States, 67 F.3d 1080, 1085 (3d Cir.1995) (finding that a prisoner’s “claim based on an indisputably merit less legal theory may be dismissed as frivolous [under § 1915]”) (emphasis added). This is true in other areas of our jurisprudence as well. For example, in regard to damages for frivolous appeals under Rule 38 of the Federal Rules of Appellate Procedure, we have held that “[a]n appeal is frivolous if it is wholly without merit.” Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir.1991) (emphasis added); see also Hilmon Co. (VI.) v. Hyatt Int’l, 899 F.2d 250, 251 (3d Cir.1990) (“In this circuit an appeal is considered frivolous when it is utterly without merit.”) (emphasis added) (internal quotation marks omitted). Also, in interpreting the Federal Revenue Code, we have held that a civil penalty is warranted when “the taxpayer assert[s] a position that is frivolous, i.e., merit less, from the perspective of the tax laws.” Kahn v. United States, 753 F.2d 1208, 1214 (3d Cir.1985) (emphasis added).
Therefore, this Court’s dismissal of the appeal in Byrd v. Gillis under § 1915(e)(2)(B) because it was “without merit” constitutes a strike for purposes of § 1915(g). Byrd has three strikes and is ineligible for IFP status.
IV.
For the foregoing reasons, we will deny Byrd’s request to proceed IFP in this appeal.[7]

. Because we hold that Byrd is not entitled to IFP status due to the three strikes provision of 28 U.S.C. § 1915(g), and Byrd has not paid the docketing fee, we do not reach the merits of Byrd’s appeal. See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir.2011) ("The 'three strikes’ provision of the [IFP] statute applicable to indigent prisoners requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals.”). If Byrd pays the docketing fee within 14 days of the issuance of the order in this case, see 3d Cir. L.A.R. 3.3, L.A.R. Misc. 107.1, the appeal shall be returned to this panel for further consideration of the merits.

. This Court, in appointing amicus, expressed its understanding that there was a circuit split on this issue because the U.S. Court of Appeals for the Tenth Circuit had implied that only IFP actions or appeals could be counted as strikes under § 1915(g). See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780-81 (10th Cir.1999) (listing only dismissals under § 1915(e)(2)(B), a provision that only applies to IFP actions or appeals, as the types of dismissals that count as strikes). Amicus, in a commendable act of candor, brought to our attention the fact that the Tenth Circuit, in subsequent cases, rejected the argument that § 1915(g) strikes could only be accrued in IFP actions or appeals. See Hafed, 635 F.3d at 1177 (holding that dismissals under § 1915A, a provision that is not limited to IFP actions or appeals, can count as strikes); Burghart v. Corr. Corp. of Am., 350 Fed.Appx. 278, 279 (10th Cir.2009) (explicitly holding that non-IFP actions or appeals can count as strikes).

. The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

. The Court did not expressly indicate its agreement with the Magistrate Judge that the defendants were immune from suit with regard to Byrd’s claims against them in their official capacities.

. In adopting this position, we do not condone a reviewing court holding that a previous dismissal constitutes a strike under § 1915(g) merely because frivolousness is suspected or the phrase "without merit” was used in the dismissal. Instead, a case-specific, non-mechanical examination of the dismissal — which could lead to a strike being accrued where the dismissing court did not precisely indicate that the action or appeal was frivolous, malicious, or failed to state a claim — is warranted only when the action or appeal was dismissed generally under a PLRA provision, such as § 1915(e)(2)(B), without more specificity, as was the case in Byrd v. Gillis.

. The Hafed case is instructive. There, a district court ambiguously dismissed a prisoner’s complaint under 28 U.S.C. § 1915A(b) without clearly indicating whether it was relying on § 1915A(b)(l) for frivolousness, or § 1915A(b)(2) for suing an immune defendant. The Court of Appeals determined that even though the district court mentioned the defendant’s immunity, "the immunity ground for dismissal was subsumed in frivolousness.” The Court thus counted the dismissal as a strike for purposes of § 1915(g). Hafed, 635 F.3d at 1178.

. We express gratitude to the director and students of the Appellate Litigation Clinic at the Earle Mack School of Law at Drexel University for an excellent presentation of the issues as court-appointed amicus curiae.